**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**
**CASE NUMBER:** 3:26-cv-4867-CMC

| | |
|---|---|
| Progressive Direct Insurance Company,<br><br>Plaintiff,<br>v.<br><br>Landon Stephon Smith and Briana Curry, as Personal Representative of the Estate of Tonya Mayers Bowers,<br><br>Defendants. | **COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-jury)** |

Plaintiff, Progressive Direct Insurance Company (hereinafter "Progressive"), by and through its undersigned counsel, seeks declaratory relief to determine the rights of the parties and alleges and shows as follows:

**<u>JURISDICTION AND VENUE</u>**

1. Progressive is an insurance company organized and existing pursuant to the laws of the State of Ohio, with its principal place of business in the State of Ohio. Progressive is authorized to sell insurance and does sell insurance in the State of South Carolina.

2. Upon information and belief, Landon Stephon Smith ("Defendant Smith") is a citizen and resident of Richland County, South Carolina.

3. Upon information and belief, Briana Curry, as Personal Representative of the Estate of Tonya Mayers Bowers, is a citizen and resident of Lexington County, South Carolina.

4. This matter is brought in part pursuant to Rule 57 of the Federal Rules of Civil Procedure and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; there is a real or justiciable controversy between the parties, and by these proceedings Plaintiff asks

this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

5. The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. § 1332(A)(1).

6. Venue is proper in this Division and this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) as the defendants are residents in this Division and a substantial part of the events or omissions giving rise to the claim occurred in this Division.

## FACTS

7. Progressive repeats and realleges the allegations above as if set forth verbatim herein.

### a. The Policies

#### i. The Littles Policy

8. Progressive issued a personal automobile policy to Myka R. Littles, bearing Policy Number 963327089, with effective dates from May 11, 2025, to November 11, 2025 (the "Littles Policy"). A complete and accurate copy of the Littles Policy is attached hereto as Exhibit A.

9. The Policy insured Myka R. Littles for certain risks under the insuring agreement and excluded certain risks through policy exclusions. Progressive refers to the Policy for all the terms, conditions, exclusions, and provisions therein and incorporates them by reference herein.

10. The Littles Policy listed one (1) insured vehicle, a 2023 Kia Seltos, with liability bodily injury limits of $25,000 each person/$50,000 each accident and property damage limits of $25,000 each accident.

11. The Littles Policy's declarations describe Landon S. Smith's driver status as an "excluded driver."

12. On May 6, 2025, Myka R. Littles executed a Named Driver Exclusion Election Form naming Landon S. Smith as an excluded driver under the Policy. A copy of this Named Driver Exclusion Election Form is attached hereto as Exhibit B.

13. The Named Driver Exclusion stated, in part:

> No coverage is provided for any claim arising from an accident or loss involving a motorized vehicle being operated by an excluded driver. This includes any claim for damages made against any named insured, resident relative, or any other person or organization that is vicariously liable for an accident or loss arising out of the operation of a motorized vehicle by the excluded driver.

14. The Named Driver Exclusion identified Landon S. Smith as the person to be excluded.

15. In the Named Driver Exclusion, Myka R. Littles declared "either the driver's license of the excluded persons . . . has been turned into the Department of Motor Vehicles, or that an appropriate policy of liability insurance or other security as may be authorized by law has been properly executed in the name of the person to be excluded."

16. In the Named Driver Exclusion, Myka R. Littles declared, "I understand and agree that this Named Driver Exclusion election shall apply to this policy and any renewal, reinstatement, substitute, amended, altered, modified, or replacement policy or any affiliated company, unless a named insured revokes this election."

17. Between the signing of the Named Driver Exclusion and the time of the below-described automobile collision, Myka R. Littles never revoked the election of Landon S. Smith as an excluded driver under the Littles Policy.

**ii. The Smith Policy**

18. Progressive also issued a personal automobile policy to Karlton S. Smith and Melissa E. Smith, bearing Policy Number 996886269, with effective dates from May 1, 2025, to November 1, 2025 (the "Smith Policy"). A complete and accurate copy of the Smith Policy is attached hereto as Exhibit C.

19. The Smith Policy lists two (2) insured vehicles, including only a 2024 Volkswagen Atlas and a 2022 Acura RDX, each with liability bodily injury limits of $250,000 each person/$500,000 each accident and property damage limits of $100,000 each accident.

20. The Policy insured Melissa E. Smith and Karlton S. Smith for certain risks under the insuring agreement and excluded certain risks through policy exclusions. Progressive refers to the Policy for all the terms, conditions, exclusions, and provisions therein and incorporates them by reference herein.

21. The Smith Policy provides, in pertinent part[1]:

**GENERAL DEFINITIONS**

> **1. "Additional auto"** means an **auto you** become the owner of during the policy period that does not permanently replace an **auto** shown on the **declarations page** […]:
>
> ***
>
> 5. **"Covered auto"** means:
>
> a. any **auto or trailer** shown on the **declarations page** for the coverages applicable to that **auto or trailer;**
> b. any **additional auto;**

[1] The Littles Policy and the Smith Policy contain identical terms, as each are Form No. SC 9611 10-14.

c. any **replacement auto;** or
d. **a trailer** owned by **you.**

***

11. **"Relative"** means a person residing in the same household as **you,** and related to **you** by blood, marriage or adoption, and includes a ward, stepchild, or foster child. **Your** unmarried dependent children temporarily away from home will qualify as a **relative** if they intend to continue to reside in **your** household.

12. **"Replacement auto"** means an **auto** that permanently replaces an **auto** shown on the **declarations page.**

***

17. **"You"** and **"your"** mean:
   a. a person shown as a named insured on the **declarations page;** and
   b. the spouse of a named insured if residing in the same household at the time of the loss.

***

**<u>PART I-LIABILITY TO OTHERS</u>**

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.

***

**ADDITIONAL DEFINITIONS**

When used in this Part I:

**"Insured person"** means:

a. **you, a relative,** or a **rated resident** with respect to an accident arising out of the ownership, maintenance or use of an **auto or a trailer;**

***

**<u>EXCLUSIONS</u>**

***

12. **bodily injury or property damage** arising out of the ownership, maintenance or use of any vehicle owned by a **relative** or a **rated resident** or furnished or available for the regular use of a **relative** or a **rated resident,** other than a **covered auto** for which

this coverage has been purchased. This exclusion does not apply to **your** maintenance or use of such vehicle;

***

**b. The Underlying Collision, Underlying Action, and Further Facts**

22. On October 10, 2025, Landon S. Smith was operating the 2023 Kia Seltos listed on the Littles Policy and owned by Myka Littles, when he was involved in a collision with a pedestrian, Tonya Mayers Bowers, on Mountain Drive in Lexington, South Carolina.

23. As a result of the collision, Tonya Mayers Bowers passed away.

24. Upon information and belief, at the time of the October 10, 2025, accident, Myka Littles resided with Karlton S. Smith and Melissa E. Smith.

25. Upon information and belief, Myka Littles is the daughter of Melissa E. Smith and the stepdaughter of Karlton S. Smith.

26. Upon information and belief, Landon S. Smith is the son of Karlton S. Smith and Melissa E. Smith and was residing with his parents at the time of the October 10, 2025, accident while at home from college.

27. On August 18, 2026, Briana Curry as Personal Representative of the Estate of Tonya Mayers Bowers, filed a Summons and Complaint against Landon S. Smith in the Lexington County Court of Common Pleas, Civil Action No. 2026CP3203705, alleging negligence, wrongful death, and survival causes of action against Landon S. Smith for the Estate's injuries resulting from the October 10, 2025, accident (the "Underlying Action").

28. Upon information and belief, Briana Curry, as Personal Representative of the Estate of Tonya Mayers Bowers, and Landon S. Smith have or will make claims for liability coverage under the Littles Policy and Smith Policy for the claims resulting from the October 10, 2025, auto accident.

**FOR A FIRST DECLARATION**

29. The Progressive repeats and realleges the paragraphs above as if set forth verbatim herein.

30. Myka Littles executed a Named Driver Exclusion Election Form, naming Landon S. Smith as an excluded driver under the Littles Policy, on which she was the named insured.

31. The Named Driver Exclusion Election Form states, "no coverage is provided for any claim arising from an accident or loss involving a motorized vehicle being operated by an excluded driver. This includes any claim for damages made against any named insured, resident relative, or any other person or organization that is vicariously liable for an accident or loss arising out of the operation of a motorized vehicle by the excluded driver."

32. Additionally, in the Named Driver Exclusion Election Form, Myka Littles declared that "either the driver's license of the excluded persons named in this Named Driver Exclusion election has been turned into the Department of Motor Vehicles, or that an appropriate policy of liability insurance or other security as may be authorized by law has been properly executed in the name of the person to be excluded."

33. Further, the Named Driver Exclusion Election Form states the "election shall apply to this policy and any renewal, reinstatement, substitute, amended, altered, modified, or replacement policy or any affiliated company, unless a named insured revokes this election."

34. Myka Littles did not revoke the Named Driver Exclusion Election between the time it was executed on May 6, 2025, and the date of the accident on October 10, 2025.

35. This claim arises from an accident involving the operation of the 2023 Kia Seltos listed on the Littles Policy by Landon S. Smith, who was an excluded driver at the time of the accident on October 10, 2025.

36. Therefore, Progressive is entitled to a declaration that the Littles Policy excludes all coverages for any damages sustained as a result of the October 10, 2025, accident by Landon S. Smith, Briana Curry as Personal Representative of the Estate of Tonya Mayers Bowers, or anyone else otherwise involved in this collision.

## FOR A SECOND DECLARATION

37. Progressive repeats and realleges each paragraph above as if set forth verbatim herein.

38. Part I of the Smith Policy states that liability coverage is provided only for "damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident."[2]

39. However, the Smith Policy states that "[c]overage under this Part I, including **our** duty to defend, will not apply to any **insured person** for: . . . **bodily injury or property damage** arising out of the ownership, maintenance or use of any vehicle owned by a **relative** or a **rated resident** or furnished or available for the regular use of a **relative** or a **rated resident,** other than a **covered auto** for which this coverage has been purchased. This exclusion does not apply to **your** maintenance or use of such vehicle."

40. The Smith Policy defines an "insured person" to include "**you, a relative,** or a **rated resident** with respect to an accident arising out of the ownership, maintenance or use of an **auto or a trailer**."

41. The Smith Policy defines a "relative" as "a person residing in the same household as **you,** and related to **you** by blood, marriage or adoption, and includes a ward, stepchild, or

[2] Terms in bold are defined terms under the Policy, which are defined under the subsection entitled "General Definitions."

foster child. **Your** unmarried dependent children temporarily away from home will qualify as a **relative** if they intend to continue to reside in **your** household."

42. The Smith Policy defines "you" and "your" to mean "a person shown as a named insured on the **declarations page**" and "the spouse of a named insured if residing in the same household at the time of the loss."

43. Melissa E. Smith and Karlton S. Smith are the named insureds on the Smith Policy.

44. Therefore, Melissa E. Smith and Karlton S. Smith qualify as "you" and "your" under the Smith Policy.

45. Upon information and belief, Landon S. Smith was residing in the same household as Melissa E. Smith and Karlton S. Smith at the time of the October 10, 2025, accident and is related to Melissa E. Smith and Karlton S. Smith by blood, being their son.

46. Therefore, Landon S. Smith is an "insured person" under the Smith Policy.

47. Further, upon information and belief, Myka Littles was residing in the same household as Melissa E. Smith and Karlton S. Smith at the time of the October 10, 2025, accident and is related to Melissa E. Smith by blood, being her daughter, and is the stepchild of Karlton S. Smith by marriage.

48. Therefore, Myka Littles is a "relative" under the Smith Policy.

49. The Smith Policy defines a "covered auto" to mean: (a) "any **auto or trailer** shown on the **declarations page** for the coverages applicable to that **auto or trailer**; (b) any **additional auto**; (c) any **replacement auto**; or (d) **a trailer** owned by **you.**"

50. The 2023 Kia Seltos operated by Landon S. Smith at the time of the October 10, 2025, accident was not shown on the Smith Policy's declarations page, nor was it a vehicle

newly owned by Melissa and/or Karlton Smith, nor was it used as a replacement vehicle for a listed auto, being owned by Myka Littles.

51. Therefore, the 2023 Kia Seltos was not a "covered auto" under the Smith Policy at the time of the October 10, 2025, accident.

52. Landon S. Smith is not a named insured on the Smith Policy nor is he the spouse of Karlton S. Smith or Melissa E. Smith, being their son.

53. Therefore, Landon S. Smith does not qualify as "you" or "your" under the Smith Policy.

54. Accordingly, the damages arising out of Landon S. Smith's use of the 2023 Kia Seltos owned by Myka Littles, a relative under the Smith Policy, at the time of the October 10, 2025, accident are excluded from liability coverage under the Smith Policy pursuant to the above-referenced exclusion.

55. Consequently, Progressive is entitled to a declaration that the Smith Policy does not provide liability coverage for the Defendants' claims for liability coverage arising from the October 10, 2025, accident.

WHEREFORE, Progressive respectfully requests that this Court inquire into these matters and declare the following:

a. That the Littles Policy does not provide liability coverage, or any coverages whatsoever, for any and all damages arising out of the October 10, 2025, accident, and that Progressive has no obligation to pay, indemnify, defend, or otherwise perform under the Littles Policy for any and all claims arising from the October 10, 2025, accident;

b. That the Smith Policy does not provide liability coverage for the Defendants' claims arising out of the October 10, 2025, accident, and that Progressive had no obligation to pay, indemnify, defend, or otherwise perform under the Smith Policy for any and all claims arising from the October 10, 2025, accident;

c. For such other relief as the Court may deem just and proper.

MURPHY & GRANTLAND, P.A.

*s/J.R. Murphy*
J.R. Murphy, Esquire (Fed. I.D. #3119)
Scarlett B. Smith, Esq. (Fed. I.D. #14565)
Murphy & Grantland, P.A.
P.O. Box 6648
Columbia, South Carolina 29260
(803) 782-4100
jrmurphy@murphygrantland.com
*Attorney for the Plaintiff Progressive Direct Insurance Company*

Columbia, South Carolina
October 14, 2026